CRIBBS (RISON v.). See Case No. 11,860.

## Case No. 3,391.

### CRIPPS v. MUDD.

[1 Hayw. & H. 50.] [1]

Circuit Court, District of Columbia. Dec. 15, 1841.

#### TRUSTS.

A testator bequeathed certain negroes to the complainants, and afterwards by a bill of sale to the father of said complainants conveyed the same with other negroes, but no delivery was made of said negroes to the said father. Parol evidence was permitted to be given to show that the conveyance was made for the purpose of more fully providing for the said complainants, and the father was required by decree to transfer the property held by him, to trustees, for their benefit as tenants in common.

In equity. This bill is brought by the complainants [John H. Mudd and Emily Mudd], through their next friend [Wm. McL. Cripps], and prays that the defendant [Ignatius Mudd] be ordered to execute a conveyance of certain negroes in trust for the benefit of the complainants, and for other relief.

Brent & Brent, for complainants.
Defendant, in his proper person.

The complainants allege, that their maternal uncle Benedict Jemison made his last will and testament, in which he bequeathed as follows: "I give and bequeath to my nephew John H. Mudd, and my niece Emily Mudd, children of my sister Mary Mudd, Baptist, Elias, Henry, his wife and four children, and Nancy, for the use and benefit of my sister Mary Mudd, during her life." That the testator supposing he had not sufficiently provided in his will for the said complainants executed a bill of sale conveying to the said defendant absolutely fourteen negro slaves; among said slaves were some of those left to the complainants in the will. That the said bill of sale was not intended by the said testator to transfer the negroes for the benefit of the said defendant, but rather for the benefit of Mary Mudd during her life, and after her death for the benefit of these complainants. That this understanding was to have been reduced to form by a conveyance of trust to secure the title to said negroes to Mary Mudd and at her death to the complainants. This the defendant has failed to do. The testator died, the will was duly probated and recorded, and is unrevoked except so far as it might be revoked by the said bill of sale. The complainants further allege, that the defendant is in embarrassed circumstances, and that he has in his possession six of the negroes mentioned in the bill of sale. The defendant is the father and guardian of the complainants. He admits the allegations in the bill, and states, that certain other legatees under the will of the said Benedict Jemison combined to prevent him, the said defendant, from taking possession of the negroes mentioned in the bill

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

of sale, alleging that some of said negroes were bequeathed to them, the said legatees, in said will mentioned. That the defendant had forfeited the right he had in the negroes by letting the said negroes remain in the possession of said Benedict during the said Benedict's life. The defendant states further that to avoid a family quarrel he compromised with the said legatees and received five of the negroes. That he holds one of the negroes as guardian under the will. That he sold one of the negroes that he received under the compromise, but he intended at the time to substitute in the negro's stead another of equal value and considered the substitute as the property of the complainants. That he submits the matter to the court alleging that his affairs are embarrassed and the rights of the infants are endangered and has heretofore hesitated as to what course he should pursue. That he is ready to abide by the decree of the court.

The above cause being by consent of parties submitted for hearing and final decree upon the bill, answer, and exhibits it is ordered, adjudged and decreed that the defendant do execute and deliver to William McL. Cripps a good and sufficient conveyance of the six negroes mentioned in the bill, including the negro held as a substitute for the one sold by the defendant, to have and to hold the said negroes in trust as follows, that is to say, in trust for the sole and separate use of Mary Mudd, wife of the defendant, free and discharged from all and every liability for the debts of said Ignatius Mudd, and after the death of said Mary Mudd, in trust for the use and benefit and disposal of the complainants, as tenants in common, and upon the further trust that the said Cripps shall, after the arrival of the said complainants at their legal age, convey the said negroes to such uses and purposes as they may direct, provided their said mother, Mary Mudd, if she be alive, shall assent to the same by an instrument of writing witnessed by one witness. And it is further adjudged that the complainants be quieted in their title to said negroes against the said defendant and all persons claiming under, or by him.